**Larry CRUTCHFIELD, Appellant,**

v.

**Clifford TERRY, Warden, Wrightsville Unit, ADC; Robert Perry, Major, Wrightsville Unit, ADC; John Blankenship, Hearing Office, Arkansas Department of Correction; Robert Clark, Hearing Administrator, Arkansas Department of Correction; Larry Norris, Director, Arkansas Department of Correction; Rick Toney, Warden, Varner Unit, ADC; Greg Harmon, Warden, Maximum Security Unit, ADC; Hazel Boyd, Classification Officer, Maximum Security Unit, ADC, Appellees.**

No. 02–2130.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 7, 2003.

Decided March 10, 2003.

Before McMILLIAN, MELLOY, and SMITH, Circuit Judges.

PER CURIAM.

Larry Crutchfield, an Arkansas inmate, appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action. After de novo review, *see Peter v. Wedl,* 155 F.3d 992, 996 (8th Cir.1998), we affirm.

Crutchfield's damages claims for an allegedly wrongful disciplinary conviction are barred because he has not successfully challenged the conviction. *See Edwards v. Balisok,* 520 U.S. 641, 644–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Portley–El v. Brill,* 288 F.3d 1063, 1066–67 (8th Cir. 2002). In any event, the summary judgment record shows that his due process claims fail on their merits: the victim's statement supports the disciplinary conviction, *see Goff v. Dailey,* 991 F.2d 1437, 1442 (8th Cir.) (due process is satisfied if

---

1. The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

disciplinary committee based its decision on "some evidence" in record), *cert. denied,* 510 U.S. 997, 114 S.Ct. 564, 126 L.Ed.2d 464 (1993); the disciplinary hearing officer stated his reasons for finding Crutchfield guilty of assault, *see Wolff v. McDonnell,* 418 U.S. 539, 558–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (elements of due process in prison disciplinary hearing); and defendants' violation of prison policy does not amount to a denial of due process, *see Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996) (state's failure to follow its own procedural rules does not state federal claim). Further, Crutchfield has no constitutional right to be housed in any particular prison or to receive a particular classification. *See Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

Accordingly, we affirm, but we modify the judgment to reflect that the adverse grant of summary judgment does not count as a strike under 28 U.S.C. § 1915(g).